# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,                        CRIMINAL ACTION

v.                                      Case No. 12-20141-09-KHV

CHRISTOPHER HOLLIDAY,

                Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Holliday's Request for Leave to Join Pretrial Motion (ECF No. 423) and the Government's Motion to Strike for Failure to Comply with Scheduling Order (ECF No. 438). Defendant Holliday requests leave to join co-defendant Christopher Craig's pretrial motion to suppress evidence obtained from a wiretap intercept. In response, the Government seeks an order striking the Request as untimely and for failure to establish excusable neglect. For the reasons set forth below, defendant Holliday's Request for Leave to Join Pretrial Motion is denied and the Government's Motion to Strike is granted.

## I.    PROCEDURAL HISTORY

Defendant Holliday is charged in Counts 1 with conspiracy to distribute controlled substances, and in Counts 22, 30, 32, and 33 with the use of a telephone to facilitate the offense alleged in Count 1. The Government applied for and obtained an order permitting it to intercept and record communications on Target Phone 3 pursuant to 18 U.S.C. § 2518. The application for Target Phone 3 was filed on July 26, 2011 and granted by the Court on July 28, 2011; it was renewed by the Court on August 26, 2011 for an additional thirty days. Counts 22, 30, 32 and 33 were calls recorded by the Government while listening to communications on Target Phone 3.

On January 10, 2013, the initial General Order of Discovery and Scheduling (ECF No. 143) set several deadlines, including an April 1, 2013 deadline for filing motions. On January 18, 2013, the Government filed a motion for continuances of the deadlines and requested a "complex case" finding pursuant to 18 U.S.C. § 3161(h)(7)(B). On February 14, 2013, the Court granted the Government's motion and entered an Order (ECF No. 199) setting a September 6, 2013 deadline for filing motions to suppress and other pretrial motions, along with an October 7, 2013 deadline for the Government's responses. The Court scheduled the jury trial for February 3, 2014.

On September 6, 2013, co-defendant Craig timely filed a motion (ECF No. 364) for suppression of evidence obtained from a wiretap on Target Phone 6. Co-defendant Craig argued in this motion that the Government's wiretap applications were inadequate on their face to satisfy the "necessity requirement" of 18 U.S.C. § 2518. The Government filed its response to defendant Craig's motion on October 7, 2013.

On November 7, 2013, two months after the deadline for filing motions to suppress, defendant Holliday filed his instant Request for leave to join in co-defendant Craig's motion to suppress evidence obtained from the wiretap on Target Phone 6. He attached as an exhibit to his motion his proposed 10-page Motion for Joinder in Document 364. In his proposed Motion for Joinder, defendant Holliday seeks to suppress evidence obtained with respect to a wiretap on Target Phone 3, which is a different target phone than at issue in co-defendant Craig's motion.

On November 20, 2013, the Government filed its Motion to strike defendant Holliday's Request for failure to comply with the scheduling order.

On November 18 and 22, District Judge Vratil referred defendant Holliday's Request for Leave to Join Pretrial Motion and the Government's Motion to Strike to the undersigned

Magistrate Judge. On November 19, 2013, co-defendant Craig's motion to suppress wiretap evidence on Target Phone 6 was also referred to the undersigned Magistrate Judge for a Report and Recommendation.

On November 19, 2013, defendant Holliday filed a pro se Motion for Appointment of New Counsel (ECF No. 435).

On December 3, 2013, a hearing was held on defendant Holliday's motions. His pro se motion requesting the appointment of new counsel was denied, and his Request to Join and the Government's Motion to Strike were taken under advisement. At a separate hearing on the same day, the Court also heard argument on co-defendant Craig's motion to suppress evidence. The motion to suppress was taken under advisement, but the Court advised counsel that it would be recommending, in a separately issued Report and Recommendation to the District Judge, that the motion be denied.

The Court is now ready to rule on defendant Holliday's Request for Leave to Join Pretrial Motion (ECF No. 423) and the Government's Motion to Strike for Failure to Comply with Scheduling Order (ECF No. 438).

## II. WHETHER DEFENDANT HAS SHOWN EXCUSABLE NEGLECT FOR HIS UNTIMELY MOTION

The Government argues that defendant Holliday has not established excusable neglect for his failure to comply with the Court's scheduling orders. In his motion, defendant Holliday does not make any arguments with respect the reasons or circumstances why he did not file his motion to join, or his own motion to suppress evidence, by the September 6, 2013 scheduling order deadline for filing such motions. At the hearing, defense counsel argued that he originally believed a motion to suppress would be unsuccessful, but subsequently changed his position after further research, particularly into statistics on the increased usage of wiretap applications.

Defendant Holliday further argued that the two-month delay is not a long delay, his Request was filed before the scheduled hearing on co-defendant Craig's motion to suppress, and was filed three months before trial.

Federal Rule of Criminal Procedure 12(a)(3) requires that motions to suppress evidence be raised prior to trial, and Rule 12(c) permits the court to set a deadline for the parties to file pretrial motions. Under Fed. R. Crim. P. 12(e), a party waives "any Rule 12(b)(3) defense, objection, or request" not raised by the court's deadline, however, the court may grant relief from the waiver "for good cause." A failure to comply with the court's deadline for filing pretrial motions is a basis to deny the motion.[1] The court, however, may extend the deadline for filing a motion to suppress evidence under Fed. R. Crim. P. 45(b)(1), which provides:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> (A) before the originally prescribed or previously extended time expires; or
>
> (B) after the time expires if the party failed to act because of excusable neglect.

Because defendant Holliday filed his motion after the deadline set by the court for filing motions to suppress evidence, the Court may extend his time upon his motion showing good cause and if he shows excusable neglect for his failure to timely file his Request to join the motion to suppress. The Court first addresses whether defendant Holliday has shown excusable neglect why he failed to file his Request to Join by the pretrial motion deadline.

---

[1] *See United States v. Miller*, 987 F.2d 1462, 1465 (10th Cir.1993) ("We hold that the district court did not err in denying [defendant's] untimely motion to suppress without holding a . . . hearing . . ." under Fed. Crim. R. P. 12(f)); *United States v. Bridwell*, 583 F.2d 1135, 1139 (10th Cir. 1978) (motion to suppress waived by untimely filing).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*,[2] the United States Supreme Court discussed excusable neglect and found it to be a somewhat "elastic concept," and "an equitable one, taking account of all relevant circumstances surrounding the party's omission."[3] The *Pioneer* Court articulated the four following factors in evaluating whether a party has shown excusable neglect: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[4]

With regard to the first *Pioneer* factor, the Government argues that it will be prejudiced by granting defendant Holliday leave to join co-defendant Craig's motion to suppress evidence at this late stage of this complex, multi-defendant case. Trial is only a few months away and it would be prejudiced by having to respond to defendant Holliday's motion to suppress during its critical trial preparation time period. It points out that defendant Holliday's proposed motion to suppress is an entirely separate 10-page motion and addresses an entirely different phone target number and target than addressed in co-defendant Craig's motion. The applications for the wiretap are lengthy and would require much work by the Government to review and prepare a response, while in the midst of its pre-trial preparations.

Defendant Holliday asserts that there will be little prejudice to the Government because the necessity arguments he advances for suppression of evidence are the same as those made in co-defendant Craig's motion, although with respect to a different target phone number. He

---

[2] 507 U.S. 380 (1993).

[3] *Id.* at 392, 395.

[4] *Id.* at 395.

suggests that the Government's response to his Request, if allowed, would be similar to its response to co-defendant Craig's motion because the affidavits for both phone targets were drafted by the same special agent and are structurally similar.

Considering the respective arguments of the parties, the Court finds that the Government would be significantly prejudiced by allowing defendant Holliday's untimely motion to suppress. Trial is only nine weeks away and the Government would be prejudiced by having to review defendant Holliday's motion to suppress at this late stage of the case, during the weeks leading up to the jury trial. As the Government points out, defendant Holliday's proposed motion to suppress evidence is directed at a different target phone number than argued by co-defendant Craig, contains arguments that were not raised by co-defendant Craig in his motion, and would require review of lengthy wiretap applications. This favor weighs against defendant Holliday.

The second factor the Court considers is the length of the delay and the potential impact on the proceedings. Here, defendant Holliday's motion is untimely by two months. While this may not seem like a significant delay by itself, this case is set for a multiple-defendant jury trial only 9 weeks away, making the impact of the delay significant and prejudicial to the Government. Further complicating the matter is the fact that the Court has already held a hearing on co-defendant Craig's motion to suppress and a Report and Recommendation on that motion will be forthcoming shortly. If defendant Holliday is allowed to proceed with his motion to suppress, the Government would need time to prepare a response and a motion hearing would need to be held. In order to accomplish all this before trial, the Government's response time would have to be shortened. This factor also weighs against defendant Holliday.

The third factor is the reason for the delay, including whether it was within the reasonable control of the movant. Defendant Holliday admitted at the hearing that the reason for the delay

was based on his initial belief that such a motion would not be successful. His subsequent research was not based on new or recent statistics as he cites a 2012 Wiretap Report in his proposed motion. The reason for the delay was thus well within his reasonable control. The factor weighs against defendant Holliday.

The final factor, whether the movant acted in good faith, weighs in favor of defendant Holliday. There has been no evidence or showing that defendant Holliday acted in bad faith or deliberately delayed in filing his motion so as to obtain a tactical or strategic advantage in this case.

Considering all the factors in total, the Court finds that defendant Holliday has not shown excusable neglect for his failure to file a motion to suppress evidence or motion to join defendant Craig's motion to suppress by the deadline set for filing pretrial motions.

**IT IS THEREFORE ORDERED** that defendant Holliday's Request for Leave to Join Pretrial Motion (ECF No. 423) is **DENIED** and the Government's Motion to Strike for Failure to Comply with Scheduling Order (ECF No. 438) is **GRANTED**.

Dated this 11th day of December, 2013, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge