## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                             **Case No. 12-20141-09-JWL**

**Christopher Holliday,**

      **Defendant.**

### MEMORANDUM AND ORDER

On September 30, 2022, the court revoked Christopher Holliday's supervised release after finding him in violation of the terms of his supervised release. The court sentenced Mr. Holliday to eight months imprisonment and two years of supervised release. That two-year term of supervision commenced on March 10, 2023. On March 8, 2025, Mr. Holliday was detained by police in Kansas City, Kansas. On March 10, 2025, the court issued an arrest warrant based on a petition prepared by the United Stated Probation Office alleging that Mr. Holliday had violated conditions of his supervised release. Mr. Holliday was arrested on March 14, 2025,[1] and he made his initial appearance on the petition on the same day. Counsel was appointed for Mr. Holliday and a final revocation hearing was set for March 27, 2025.

Mr. Holliday, through counsel, now moves to dismiss the revocation proceeding for lack of jurisdiction, asserting that the petition was filed after Mr. Holliday's term of supervised release

---

[1] Mr. Holliday was released from the Wyandotte County Jail to the custody of the U.S. Marshals without charges being filed.

had expired. As will be explained, the court agrees that it lacks jurisdiction to revoke Mr. Holliday's supervision term and dismisses this proceeding.

The court may revoke a term of supervised release for violation of a condition of supervised release before its expiration "if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i); *see United States v. Gulley*, ___ F.4th ___, 2025 WL 747686, at *5 (10th Cir. Mar. 10, 2025) (§ 3583(i) is a jurisdictional statute). Both parties agree that Mr. Holliday's two-year term of supervision began on March 10, 2023—the day he was released from custody. *See* 18 U.S.C. § 3624(e); Gov't Response (doc. 1288) at 1. The parties further agree that the petition to revoke Mr. Holliday's supervised release was filed on Monday, March 10, 2025. Mr. Holliday contends that the court lacks jurisdiction to revoke his term of supervision because the last day of his two-year term of supervision was March 9, 2025; no conditions tolled his two-year term; and the petition was not filed before Mr. Holliday completed his term. In response, the government does not contend that the tolling exception in § 3624(e) applies in this case. Rather, the government asserts that Mr. Holliday's term of supervision expired at the end of the day on March 10, 2025 such that the petition was timely filed.

In support of its argument that the last day of Mr. Holliday's term of supervision was March 10, 2025, the government relies exclusively on Federal Rule of Criminal Procedure 45. Rule 45 sets forth rules on how to compute "any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Crim. P. 45(a). The government relies on the time computation rules set forth in Rule 45 for its conclusion that the last day of Mr. Holliday's term of supervision was March 10, 2025. Specifically, the

government excludes from the calculation of the two-year period the "day of the event that triggers the period"—that is, the day that Mr. Holliday was released from prison. *See* Fed. R. Crim. P. 45(a)(1)(A). By eliminating that initial day from its measure of the two-year term, the government calculates that the two-year term is measured from March 11, 2023 and, accordingly, expired at the end of the day on March 10, 2025.

Notably, the government does not direct the court to any case that utilizes Rule 45 in conjunction with calculating the expiration of a term of supervised release or any other sentence computation. The court's own research similarly reveals no cases adopting the approach espoused by the government. Ultimately, the court rejects the government's Rule 45 analysis. As noted above, Rule 45(a) applies only when "computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Mr. Holliday's two-year term of supervision is not a time period specified in a rule, court order, or statute. The two-year term is set forth in the revocation judgment entered on September 30, 2022 that stems from the sentence imposed by the court during a prior revocation proceeding. Moreover, even assuming that Mr. Holliday's term of supervision is specified in § 3624(e), Rule 45 is still not triggered because that Rule applies only when the statute "does not specify a method of computing time." Section 3624(e) plainly describes how to compute a term of supervised released. It provides that "a term of supervised release commences on the day the person is released from imprisonment" and sets forth a single tolling provision—that the term "does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

3

The court, then, cannot look to Rule 45 to calculate the expiration date of Mr. Holliday's term of supervised release.[2]  And, of course, the government's theory that Mr. Holliday's term of supervised release should be measured beginning on March 11, 2023 directly contradicts not only the government's own concession that the term began on March 10, 2023, but also the plain language of § 3624(e), which expressly states that the term begins on the day the person is released from custody, and the revocation judgment in this case, which states that the two-year term of supervised release term begins "[u]pon release from imprisonment." Doc. 1237 at 3.

The government, citing *United States v. Gulley*, ___ F.4th ___, 2025 WL 747686, at *1 (10th Cir.  Mar. 10, 2025), asserts that its computation of the two-year term of supervised release is consistent with the Tenth Circuit's "understanding of how the expiration of a term of supervised release is determined."  In *Gulley*, the Circuit stated that Mr. Gulley "began serving his term of supervised release on October 23, 2020" and that the term "expired on October 23, [2023]." But the government reads too much into the Circuit's statement.  The computation of the supervision term in *Gulley* was not in dispute, the exact expiration date of the term in *Gulley* was not at issue, and Rule 45 was not utilized in any way in that decision.  In short, *Gulley* simply does not bear on the issue presented here.

For the foregoing reasons, the court concludes that it does not have jurisdiction under § 3583(i) to revoke Mr. Holliday's expired supervised-release term because the warrant was not

---

[2] Because the court concludes that Rule 45 has no application in this context, it also rejects the government's alternative argument that even if the last day of Mr. Holliday's supervision term was March 9, 2025, the government had until March 10, 2025 to file the petition because March 9, 2025 fell on a Sunday.  *See* Fed. R. Crim. P. 45(a)(1)(C) (if the last day of the period is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday).

issued prior to the term's expiration. As a result, the court dismisses the pending petition to revoke with prejudice and vacates the hearing set for March 27, 2025.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for order dismissing revocation proceeding for lack of jurisdiction (doc. 1285) is **granted** and the hearing set for March 27, 2025 is hereby **vacated.**

**IT IS SO ORDERED.**

Dated this 26th day of March, 2025, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge